

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| JAMES EVERETT SHELTON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>NATIONAL GAS & ELECTRIC, LLC<br><br>Defendant. | Case No. **17 4063**<br><br>COMPLAINT – CLASS ACTION |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff James Everett Shelton ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communications Commission.[1]

3. The TCPA is designed to protect consumer privacy by prohibiting unsolicited, autodialed telemarketing calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

4.  Plaintiff alleges that Defendant National Gas & Electric, LLC ("National Gas") made automated telemarketing calls using equipment prohibited by the TCPA, despite the fact that they had no business relationship with him.

5.  Because the call to the Plaintiff was transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing call.

6.  A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

7.  Plaintiff James Everett Shelton is a Pennsylvania resident, and a resident of this District.

8.  Defendant National Gas & Electric, LLC is a Texas corporation that has its principal office in Houston, TX, and a registered agent of CT Corporation System.

### Jurisdiction & Venue

9.  This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000.00, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a national class, which will likely result in at least one Class member from a different state.

10. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

11. National Gas regularly engages in business in this District, including making telemarketing calls into this District, as it did with the Plaintiff.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were made to this District. Furthermore, venue is proper because a substantial part of property that is the subject of the action is situated in this District; the Plaintiff's cellular telephone.

## Background
### The Telephone Consumer Protection Act

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

The TCPA Prohibits Automated Telemarketing Calls

16. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

17. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

18. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

19. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without

requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

### Factual Allegations

20. National Gas provides energy services to homes.

21. National Gas uses telemarketing to promote its products.

22. National Gas's telemarketing efforts include the use of automated dialing equipment to send automated calls.

23. On August 18, 2017, the Plaintiff received a telemarketing call on his cellular telephone number (484) 626-XXXX.

24. This telephone number was registered on the National Do Not Call Registry for at least 31 days prior to the call.

25. The Plaintiff did not recognize the telephone number, so he allowed it to go to his voicemail.

26. When the call went to his voicemail, there was distinctive click and pause, followed by the Defendant's telemarketing representative saying "hello".

27. These facts, as well as the geographic distance between the Plaintiff and the Defendant, as well as the fact that this call was part of a nationwide telemarketing campaign demonstrate that the call was made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

28. When the Plaintiff called the telephone number back, he received a scripted pitch from Victor Melendez about National Gas's services.

29. As a result of the automated call, Victor Melendez, a "Senior Energy Consultant" with the Defendant, sent the Plaintiff an e-mail from vmelendez@ngande.com about National Gas services.

30. Prior to this unsolicited call, the Plaintiff has never done any business with National Gas and Plaintiff never provided National Gas with his cellular telephone number.

31. National Gas did not have the Plaintiff's prior express written consent to make this call.

32. In fact, before filing this lawsuit, the Plaintiff wrote to National Gas asking if they had his prior express written consent to make the call, but National Gas did not provide any evidence of consent.

33. Plaintiff's privacy has been violated by the above-described call from National Gas & Electric, which constituted a nuisance as they are annoying and harassing.

34. Unfortunately, the Plaintiff's experience with National Gas has not been unique.

35. The Plaintiff received the telemarketing call from the Caller ID (832) 769-0473.

36. A number of websites have individuals complaining about calls from that telemarketing number.

37. Indeed, at www.everycaller.com/phone-number/1-832-769-0473, nine callers have reported that the calls they've received from that phone number are "spam" telemarketing calls.

38. Plaintiff and all members of the Class, defined below, have been harmed by the acts of National Gas & Electric because their privacy has been violated, and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

## Class Action Statement Pursuant to LCvR 23

39. As authorized by Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure and Rule 23.1 of the Local Rules for the Eastern District of Pennsylvania, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

40. The class of persons Plaintiff proposes to represent include:

> All persons within the United States: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) promoting Defendant's products or services; (c) to their cellular telephone number; (d) using an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

41. Excluded from the class are the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

42. The proposed class members are identifiable through phone records and phone number databases.

43. The automated technology used to contact the Plaintiff is capable of contacting hundreds of thousands of people a day, so the potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

44. Plaintiff is a member of the class.

45. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether National Gas used an automatic telephone dialing system to make the calls at issue;

b. Whether National Gas placed telemarketing calls without obtaining the recipients' valid prior express written consent;

c. Whether National Gas's violations of the TCPA were negligent, willful, or knowing; and

d. Whether the Plaintiff and the class members are entitled to statutory damages because of National Gas's actions.

46. Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members, as the Plaintiff and class members all received telephone calls through the same or similar dialing system on a cellular telephone line.

47. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions. In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

48. The actions of National Gas are generally applicable to the class and to Plaintiff.

49. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by National Gas and/or its agents.

50. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

51. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)

52. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

53. The foregoing acts and omissions of National Gas and/or its affiliates, agents, and/or other persons or entities acting on National Gas' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS.

54. As a result of National Gas's and/or its affiliates, agents, and/or other persons or entities acting on National Gas's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting National Gas and/or its affiliates, agents, and/or other persons or entities acting on National Gas's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

56. The Defendant's violations were negligent, willful, or knowing.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that National Gas and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining National Gas and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff request a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,

Dated: September 6, 2017       By: _____
Clayton S. Morrow
Email: csm@consumerlaw365.com
Morrow & Artim, PC
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Telephone: (412) 281-1250

Anthony Paronich
Email: anthony@broderick-law.com
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110
Telephone: (508) 221-1510
*Subject to Pro Hac Vice*